# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| DAN RIVER HOLDINGS LLC, *et al.*,[1] | ) | |
| | ) | Case No. 08-10726 (BLS) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 1325 AVENUE OF THE AMERICAS, L.P., | ) | Adv. Pro. No. 10-50189 (BLS) |
| | ) | |
| AETNA, INC., | ) | Adv. Pro. No. 10-50200 (BLS) |
| | ) | |
| APPALACHIAN POWER COMPANY d/b/a APPALACHIAN ELECTRIC POWER, | ) | Adv. Pro. No. 10-50202 (BLS) |
| | ) | |
| BELK STORES SERVICES, INC., | ) | Adv. Pro. No. 10-50219 (BLS) |
| | ) | |
| BLAIR MILLS, LLC AND BMAR, INC., | ) | Adv. Pro. No. 10-50222 (BLS) |
| | ) | |
| CDS ENSEMBLES, INC. D/B/A CDS ENSEMBLES, | ) | Adv. Pro. No. 10-50227 (BLS) |
| | ) | |
| CIM CONCEPTS, INC., | ) | Adv. Pro. No. 10-50229 (BLS) |
| | ) | |
| CITRIX SYSTEMS, INC., | ) | Adv. Pro. No. 10-50230 (BLS) |
| | ) | |
| CONSOLIDATED EDISON, INC. d/b/a CONEDISON, | ) | Adv. Pro. No. 10-50231 (BLS) |
| | ) | |
| CONWAY, DEL GENIO, GRIES & CO., LLC, | ) | Adv. Pro. No. 10-50232 (BLS) |
| | ) | |
| ESPN, INC., | ) | Adv. Pro. No. 10-50237 (BLS) |
| | ) | |

---

[1] The Debtors are the following entities: Dan River Holdings LLC, Dan River, Inc., Dan River Factory Stores, Inc., Dan River International Ltd. and The Bibb Company LLC.

| | |
|---|---|
| FAITH IN GOD, INC., ) | Adv. Pro. No. 10-50238 (BLS) |
| ) | |
| GRANT THORNTON, LLP, ) | Adv. Pro. No. 10-50241 (BLS) |
| ) | |
| HEARST COMMUNICATIONS, INC., ) | Adv. Pro. No. 10-50245 (BLS) |
| ) | |
| HOSPI-TEL MFG. CORP, ) | Adv. Pro. No. 10-50246 (BLS) |
| ) | |
| INTERNATIONAL BUSINESS MACHINES ) CORPORATION d/b/a IBM CORPORATION, ) | Adv. Pro. No. 10-50247 (BLS) |
| ) | |
| IKON OFFICE SOLUTIONS, INC. d/b/a ) IKON FINANCIAL SERVICES, ) | Adv. Pro. No. 10-50248 (BLS) |
| ) | |
| KIMORA LEE SIMMONS LICENSING, INC., ) | Adv. Pro. No. 10-50256 (BLS) |
| ) | |
| LTS DESIGN SERVICE CORP., ) | Adv. Pro. No. 10-50257 (BLS) |
| ) | |
| LIGHTNING TRANSPORTATION, INC., ) | Adv. Pro. No. 10-50258 (BLS) |
| ) | |
| LOUGHLIN MEGHJI & CO. INC., ) | Adv. Pro. No. 10-50259 (BLS) |
| ) | |
| LUCASFILM LTD., ) | Adv. Pro. No. 10-50260 (BLS) |
| ) | |
| MAJOR LEAGUE BASEBALL ) PROPERTIES, INC., ) | Adv. Pro. No. 10-50261 (BLS) |
| ) | |
| MAYO STUDIOS, INC., ) | Adv. Pro. No. 10-50262 (BLS) |
| ) | |
| MOUNT VERNON MILLS, INC., ) | Adv. Pro. No. 10-50263 (BLS) |
| ) | |
| NEWMARK & COMPANY REAL ) ESTATE, INC., ) | Adv. Pro. No. 10-50265 (BLS) |
| ) | |
| NFL PROPERTIES LLC, ) | Adv. Pro. No. 10-50267 (BLS) |
| ) | |
| PENSKE TRUCK LEASING CORPORATION, ) | Adv. Pro. No. 10-50271 (BLS) |
| ) | |
| ENCOMPASS GROUP, L.L.C. ) d/b/a PILLOW FACTORY, ) | Adv. Pro. No. 10-50273 (BLS) |
| ) | |
| REVENUE PROPERTIES (U.S.), INC. ) d/b/a MORGUARD CORPORATION, ) | Adv. Pro. No. 10-50275 (BLS) |
| ) | |
| RNA HOLDINGS, LLC ) d/b/a RUSSELL NEWMAN, ) | Adv. Pro. No. 10-50277 (BLS) |

| | |
|---|---|
| RUPERT, GIBBON & SPIDER, INC. d/b/a JACQUARD INKJET FABRIC SYSTEMS, | Adv. Pro. No. 10-50251 (BLS) |
| SAP AMERICA, INC., | Adv. Pro. No. 10-50278 (BLS) |
| SOFTWARE AG USA, INC., | Adv. Pro. No. 10-50279 (BLS) |
| SOMETHING DIFFERENT LINEN, INC., | Adv. Pro. No. 10-50281 (BLS) |
| STARWOOD HOTELS & RESORTS WORLDWIDE, INC., | Adv. Pro. No. 10-50284 (BLS) |
| STORK PRINTS AMERICA, INC., | Adv. Pro. No. 10-50285 (BLS) |
| STUDIO 3 X 3 LLC, | Adv. Pro. No. 10-50286 (BLS) |
| THOMAS LICENSING, LLC, | Adv. Pro. No. 10-50291 (BLS) |
| TRANSWESTERN COMMERCIAL SERVICES, L.LC. d/b/a TRANSWESTERN, | Adv. Pro. No. 10-50292 (BLS) |
| UNITED PARCEL SERVICE OF AMERICA, INC., | Adv. Pro. No. 10-50293 (BLS) |
| UPS SUPPLY CHAIN SOLUTIONS INC., | Adv. Pro. No. 10-50294 (BLS) |
| US AIRWAYS, INC., | Adv. Pro. No. 10-50295 (BLS) |
| VALDAN GROUP, L.L.C. d/b/a VALDAN TRANSPORTATION, | Adv. Pro. No. 10-50296 (BLS) |
| VERIZON BUSINESS NETWORK SERVICES INC. d/b/a VERIZON BUSINESS, | Adv. Pro. No. 10-50486 (BLS) |
| VIPAC INC., | Adv. Pro. No. 10-50297 (BLS) |
| W2005 WYN HOTELS, L.P., | Adv. Pro. No. 10-50299 (BLS) |
| JONES LANG LASALLE OF NEW YORK, LLC f/k/a THE STAUBACH COMPANY OF NEW YORK, LLC, | Adv. Pro. No. 10-50942 (BLS) |
| Defendants. | |

# PROPOSED SCHEDULING ORDER

Jeoffrey L. Burtch, Esquire, the Chapter 7 Trustee (the "Trustee" and/or "Plaintiff") for the bankruptcy estates of Dan River Holdings, et al. (the "Debtors"), having initiated the aforementioned adversary proceedings against the above-captioned adversary defendants; and to promote the efficient and expeditious disposition of these adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings;

**IT IS HEREBY ORDERED** that:

1. Any extension of time to file a responsive pleading is not effective unless approved by Order of the Court. Any motion for extension of time to file a responsive pleading or stipulated order for such an extension must be filed with the Court no later than ten (10) days before the Initial Scheduling Conference in the adversary proceeding.

2. The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, is hereby waived.

3. The parties shall provide the initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than fourteen (14) days after the date of the entry of this Scheduling Order. Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for good cause shown.

4. Written fact discovery (i.e. requests for the production of documents, interrogatories and requests for admission) shall be completed no later than one hundred fifty (150) days after the date of the entry of this Scheduling Order.

5. Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, no later than one hundred eighty (180) days after the date of the entry of this Scheduling Order, the parties shall file a Stipulation

Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

6. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

7. Fact depositions may be noticed for a date on or after one hundred fifty (150) days after the date of the entry of this Scheduling Order.

8. Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtors no later than one hundred eighty (180) days after the entry of this Scheduling Order. If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided no later than one hundred eighty (180) days after the date of the entry of this Scheduling Order. Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be provided no later than two hundred ten (210) days after the entry of this Scheduling Order. Defendant shall provide any expert report intended to rebut any report on insolvency by Plaintiff no later than two hundred forty (240) days after the entry of this Scheduling Order. All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, no later than two hundred seventy (270) days after the entry of this Scheduling Order.

9. All dispositive motions shall be filed and served no later than thirty (30) days after the close of all discovery and shall be subject to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

10. The parties shall file, no later than three (3) business days prior to the earlier of: the date set for (i) pre-trial conference (if one is scheduled) or (ii) Trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Shannon's chambers.

11. The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial one hundred twenty (120) days after the entry of the Order, or as soon thereafter as the Court's calendar permits. The Court may, in its discretion, schedule a pre-trial conference in lieu of or in addition to the trial.

12. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

13. Deadlines contained in this Scheduling Order may be modified either by Stipulation of the Parties approved by the Court or by the Court for good cause shown.

14. The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

Dated: September 21, 2010

THE HONORABLE BRENDAN L. SHANNON
United States Bankruptcy Judge